**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. John Bains-Jordan*
Case No. 3:10-cr-00093-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant John Bains-Jordan's Second Motion for Early Termination of Supervised Release (the "Second Motion").[1] The United States filed an Opposition.[2] The United States Probation Office ("USPO") also filed a Response recommending that the Second Motion be denied.[3] The matter is now ripe for resolution. For the reasons discussed below, the Second Motion is **DENIED WITHOUT PREJUDICE**. Because the Court is not modifying the terms of Defendant's supervised release, the Court is not required to hold a hearing.[4]

On October 20, 2010, Bains-Jordan pleaded guilty to two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(b)(B) and (b)(2). On April 28, 2011, Bains-Jordan was sentenced to 48 months of imprisonment and 15 years of supervised release.[5] Bains-Jordan was placed on supervised release in April 2014.[6] To date, he has served almost two-thirds of the term of supervised release.

In November 2019, Bains-Jordan first moved for early termination of his supervised release.[7] He argued that early termination was warranted because he had fully complied with his supervised release terms, demonstrated no concerning disciplinary history while incarcerated, completed sex offender treatment, and "developed a thorough and outstanding relapse prevention plan and a safety net."[8] Bains-Jordan emphasized that he sought to travel internationally to "experience the world" with his wife, which he could not do while on supervised release.[9] The United States opposed, acknowledging Bains-Jordan's compliance with his release conditions but urging that protection of the children-victims of Bains-Jordan's crimes "take[s] precedence over [his] desire to travel more extensively and spontaneously around the world," and reminding the Court that it had balanced a below-guidelines sentence by a 15-year supervised release period.[10]

---

[1] Dkt. 52 (Second Motion for Termination of Supervised Release).
[2] Dkt. 57 (Opposition).
[3] Dkt. 56 (USPO Response).
[4] *See* Fed. R. Crim. P. 32.1(c)(2)(A).
[5] Dkts. 34 (Minute Entry), 37 (Judgment).
[6] Dkt. 41 at 2.
[7] Dkt. 41 (First Motion)
[8] Dkt. 41 at 3.
[9] *Id.* at 7.
[10] Dkt. 47 (First Opposition) at 1–3.

The Court denied Bains-Jordan's first motion.[11] The Court commended Bains-Jordan "for making positive contributions."[12] But it concluded that his "original sentence was appropriately tailored to provide just punishment for his offenses," considering the underlying facts, 18 U.S.C. § 3553(a) factors, and paramount need to protect the public.[13] The Court noted that Bains-Jordan could still benefit from resources available to him through supervision, and that "monitoring [his] location and technology usage is the most effective way to ensure [he] does not reoffend."[14] Further, it noted that Bains-Jordan's compliance was "not exceptional behavior but rather expected of a person on supervision."[15]

In his Second Motion, Bains-Jordan argues that his supervised release should be terminated early because "[i]t has now been almost ten years since Mr. Bains-Jordan was placed upon supervision" and "[h]e has demonstrated that his rehabilitation has been successful, without incident and the early termination of supervised release [is] appropriate."[16] He observes that the "primary basis" for the Court's denial of his first motion "was the lack in passage of time" and that "he has now completed almost two-thirds [of his supervised release term] without incident and an additional 3.9 years has [e]lapsed since the first Order at Docket 50."[17] Since then, Bains-Jordan argues, he has "demonstrated rehabilitation" due to the fact that he has maintained a residence, takes care of his long-term spouse, has worked with USPO, and has no problematic contacts with law enforcement.[18] Again, Bains-Jordan notes that "[b]oth he and his spouse are retired and are desirous of travel outside of the United States" after being approved "on multiple occasion[s] to travel interstate."[19]

The Government opposes the Second Motion.[20] It notes that Bains-Jordan's offense conduct involved "maintain[ing] a private room in the residence he shared with his spouse where he kept computers and hard drives containing 128 child pornography videos and 592 child pornography images, including images of children under the age of twelve and as young as infants, and material that portrayed sadistic and masochistic conduct or other depictions of violence."[21] This conduct resulted in "numerous upward adjustments . . . resulting in an advisory Guideline range of 78–97 months despite [Bains-Jordan] having no criminal history."[22] As such, the "sentence of imprisonment and his supervised release term were both well below the ranges recommended by the Guidelines."[23] Further, the Government notes that this Court has already rejected Bains-

---

[11] Dkt. 50 (Order Denying Motion for Early Termination) at 1.
[12] *Id.* at 2.
[13] *Id.* at 2–3.
[14] *Id.* at 3
[15] *Id.*
[16] Dkt. 52 at 2.
[17] *Id.* at 3.
[18] *Id.* at 3–4.
[19] *Id.* at 2.
[20] Dkt. 57 at 1.
[21] *Id.* at 1–2.
[22] *Id.* at 4.
[23] *Id.*

Jordan's primary argument that continuing to perform well on supervised release is a "changed circumstance" meriting early termination.[24]

USPO does not support terminating Bains-Jordan's supervised release early.[25] USPO observes that Bains-Jordan has been compliant and proactive with USPO during supervision.[26] Further, USPO has eliminated Bains-Jordan's polygraph testing and computer monitoring to promote his lawful self-management after supervision.[27] However, it observes that according to the *Guide to Judiciary Policy*, probation officers should not recommend early termination for persons identified as posing higher risks to community safety, and sex offenses are included in this category.[28]

The Court must consider certain factors set forth in 18 U.S.C. § 3553(a) before terminating supervised release.[29] Those factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[30] In addition, the Court must follow Federal Rule of Criminal Procedure 32.1 and consider whether "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."[31] "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term of condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."[32]

Based on the underlying facts, as well as the § 3553(a) factors, the Court remains convinced that Bains-Jordan's original sentence was appropriately tailored to provide just punishment for his offenses as well as an appropriate term of supervision. The Court notes Bains-Jordan's continued positive contributions and compliance with the terms of his supervised release. But again, the Court concludes that continued compliance on supervision is expected from defendants, and is not "exceptionally good behavior" to support finding a "changed circumstance."[33] Further, the § 3553(a) factors weigh strongly against early termination of his supervised release. The serious nature and circumstances of Bains-Jordan's offense conduct resulted in multiple upward departures and a 15-year supervised release term. This sentence was specifically tailored to address the critical need to protect the public from sex offenses involving children and the risk he presents.

---

[24] *Id.* at 5.
[25] Dkt 56 at 2.
[26] *Id.* at 1.
[27] *Id.*
[28] *Id.* at 2.
[29] 18 U.S.C. § 3583(e)(1) (citing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).
[30] *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).
[31] 18 U.S.C. § 3583(e)(1).
[32] *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1100–01 (9th Cir. 2000) (quoting *Lussier* "in keeping with the penological objectives and policies of § 3553(a).").
[33] *Lussier*, 104 F.3d at 36.

Therefore, having considered the § 3553(a) factors and finding no exceptionally good behavior or changed circumstances, Defendant's Second Motion is **DENIED WITHOUT PREJUDICE**. There shall be no modification to the terms or conditions of supervised release.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 2, 2024.